USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/5/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
          :
EMPIRE MERCHANTS, LLC,    :
          :
         Plaintiff,    :    16-CV-9590 (JMF)
          :
    -v-    :    MEMORANDUM OPINION
          :    AND ORDER
CHARLES MERINOFF, et al.,    :
          :
         Defendants.    :
          :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      In an Opinion and Order entered on November 8, 2017, familiarity with which is assumed, the Court addressed two questions: (1) whether Defendants Charles Merinoff and Gregory Baird are entitled to advancement by Plaintiff Empire Merchants, LLC ("Empire") of their fees and costs in connection with defending a lawsuit brought by Empire in the Eastern District of New York (the "E.D.N.Y. Action"); and (2) whether Merinoff and Baird are liable to Empire for the fees and costs it incurred as a result of their breach of a forum-selection clause in filing another lawsuit, in the Delaware Court of Chancery (the "Delaware Action"). (Docket No. 62 ("November 8, 2017 Opinion")). The Court ruled in Empire's favor on both questions. A little more than one week later, on November 16, 2017, the Court rejected a request from Defendants to immediately resolve the question of whether they are entitled to indemnification for the fees and costs they incurred in the E.D.N.Y. Action prior to Empire's amendment of its complaint in that case to remove certain claims. (Docket No. 64 ("November 16, 2017 Order")). The Court held that adjudication of that question should be deferred pending further developments in the E.D.N.Y. Action. (*See id.*). Merinoff and Baird now move for

reconsideration of both of those decisions. (Docket Nos. 65, 68). In the alternative, they move, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings on the question of whether they are entitled to advancement of their fees and costs for defending the E.D.N.Y. Action prior to amendment of Empire's complaint. (Docket No. 68).

Motions for reconsideration are governed principally by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012). "The major grounds justifying reconsiderations are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Terra Sec. ASA Konkursbo v. Citigroup, Inc.*, 820 F. Supp. 2d 558, 560 (S.D.N.Y. 2011) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "It is well established that the rules permitting motions for reconsideration must be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [C]ourt." *SOHC, Inc. v. Zentis Food Sols. N. Am., LLC*, No. 14-CV-2270 (JMF), 2014 WL 6603951, at *1 (S.D.N.Y. Nov. 20, 2014) (alteration in original) (internal quotation marks omitted). Indeed, a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted). Ultimately, a "district court has broad discretion in determining whether to grant a motion" for reconsideration. *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir.

2000).

Measured against these stringent standards, Merinoff and Baird's principal motion for reconsideration falls short. First, with respect to Empire's contract claim, Defendants simply rehash arguments they previously made concerning whether Delaware law allows a party to recover attorney's fees and costs as damages for breach of a forum-selection clause. (*Compare* Docket No. 66 ("Defs' First Br."), at 7-12, *with* Docket No. 46 ("Defs' Initial Br."), at 13-14). Were the Court writing on a blank slate, it might well agree with Defendants that the American rule (providing that each party bears its own costs) should carry the day. *Cf. Brown Rudnick, LLP v. Surgical Orthomedics, Inc.*, No. 13-CV-4348 (JMF), 2014 WL 3439620, at *12-14 (S.D.N.Y. July 15, 2014) (concluding that New York's highest court would not allow a party to recover attorney's fees and costs as damages for breach of a forum-selection clause). And if the Court had authority to certify the question to the Delaware Supreme Court, it might well do so. But the Court's task was — and is — to determine whether the Delaware Supreme Court has ruled on the question and, to the extent it has not, to "predict" how that court "would resolve" the question, giving "the fullest weight to pronouncements of the state's highest court" and "proper regard to relevant rulings of the state's lower courts." *Runner v. N.Y. Stock Exchange, Inc.*, 568 F.3d 383, 386 (2d Cir. 2009) (quoting *Travelers Ins. Co. v. Carpenter*, 411 F.3d 323, 329 (2d Cir. 2005)). Nothing in Defendants' motion persuades the Court that it performed that task erroneously, let alone that it did so in a manner that would be grounds for reconsideration.[1]

---

[1] Merinoff and Baird contend — as they did in the initial round of briefing, (*see* Defs' Initial Br. 14) — that Delaware law permits attorneys' fees only "where there is already a contractual fee-shifting provision" in the relevant contract. (Defs' First Br. 9 (emphasis omitted)). To that end, they assert that *El Paso Natural Gas Co. v. TransAmerican Natural Gas Corp.*, 669 A.2d 36, 40 (Del. 1995), in which the Delaware Supreme Court held that the plaintiff "could raise the forum selection clause in the Settlement Agreement as a defense . . . and, if

3

Similarly, Merinoff and Baird seek an impermissible second bite at the apple in taking issue with the Court's denial of their claim to advancement. Significantly, they do not (and cannot) dispute that Delaware law permits the removal of claims by way of amendment "to moot an advancement dispute." (November 8, 2017 Opinion 7-8 (citing cases)). Nor do (or can) they dispute that the cases upon which they themselves rely — even in their motion for reconsideration — ultimately decided the question of advancement based on the operative pleadings, not the withdrawn claims. *See, e.g.*, *Zaman v. Amedeo Holdings, Inc.*, C.A. No. 3115 (VCS), 2008 WL 2168397, at *26 (Del. Ch. May 23, 2008) (noting that it is "relevant" that the "overall theme of the [amended complaint] is consistent with the prior complaints," but analyzing the allegations of the amended complaint to determine advancement). Instead, they simply take issue with the Court's determination that none of Empire's amended claims alleges or requires, as a matter of law, the existence or breach of any duty arising from Defendants' roles at Empire. That is, Defendants' motion for reconsideration is based on little more than disagreement regarding which side of the mootness line Empire's amended complaint falls. Disagreement with the Court's decision alone is not a basis for reconsideration. *See, e.g.*, *Analytical Surveys*, 684 F.3d at 52.[2]

---

successful, recover the costs of that litigation," involved such a fee-shifting provision. Notably, that assertion finds no support in the Delaware Supreme Court's own opinion or in the opinion of the lower court. *See id.*; *El Paso Nat. Gas Co. v. TransAmerican Nat. Gas Corp.*, C.A. No. 13278, 1994 WL 248195, at *3 (Del. Ch. May 31, 1994). Instead, the sole support for Defendants' assertion appears to be a passing reference, without citation, in *Solak v. Sarowitz*, 153 A.3d 729, 742 (Del. Ch. 2016). Given other lower court precedent, *see, e.g.*, *Cornerstone Brands, Inc. v. O'Steen*, No. CIV.A. 1501-N, 2006 WL 2788414, at *4 (Del. Ch. Sept. 20, 2006), and the bases to distinguish *Solak*, (*see* November 8, 2017 Opinion 11), that is not enough for the Court to reverse course.

2   Merinoff and Baird also argue, for the first time, that "amending a pleading only moots advancement" under Delaware law "where there is a bright-line distinction between advanceable

Defendants' arguments for reconsideration of the Court's November 16, 2017 Order deferring adjudication of their request for indemnification with respect to their pre-amendment fees and costs are also wanting. (Docket No. 69 ("Defs' Second Br.")). In that Order, the Court held that adjudicating Merinoff and Baird's indemnification claim at this time would be premature, as "further proceedings in the E.D.N.Y. Action could affect this Court's determination" of whether the "carve out" for acts "of fraud, bad faith or willful misconduct" would apply. (November 16, 2017 Order 1). Contrary to Merinoff and Baird's assertions, that decision is not "inconsistent" with the Court's November 8, 2017 Opinion, as the Court explicitly refrained from reaching the question of whether the "carve out" provision applied. (November 8, 2017 Opinion 9 n.4). Additionally, Defendants are plainly wrong in contending that the ongoing proceedings in the E.D.N.Y. Action will necessarily have no bearing on the question of whether the "carve out" applies. And in any event, it is black letter law that "indemnification claims do not typically ripen until *after* the merits of an action have been decided, and all appeals have been resolved." *Hampshire Grp., Ltd. v. Kuttner*, C.A. No. 3607 (VCS), 2010 WL 2739995, at *53 (Del. Ch. July 12, 2010).

All of that said, Defendants' motions are meritorious in one respect: to the extent they seek a ruling that they are entitled to *advancement* (rather than indemnification) of their fees and

---

and non-advanceable claims." (Defs' First Br. 20). "It is black letter law that a motion for reconsideration may not be used to advance new . . . arguments not previously presented to the Court . . . ." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Las Vegas Prof'l Football Ltd. P'ship*, 409 F. App'x 401, 403 (2d Cir. 2010) (summary order) (internal quotation marks omitted). In any event, Merinoff and Baird's argument is without merit, as they point to no case holding that such a distinction is a prerequisite to the denial of advancement. *See, e.g.*, *Mooney v. Echo Therapeutics, Inc.*, C.A. No. 10054 (VCP), 2015 WL 3413272, at *7 (Del. Ch. May 28, 2015) (considering, among many factors, that "there is no such clear demarcation" between advanceable and non-advanceable claims, and granting advancement).

expenses relating to litigation of Empire's pre-amendment claims. (Defs' Second Br. 9-12). The parties dispute whether that question was decided by the Court in its November 8, 2017 Opinion. (Docket No. 71, at 31-32; Defs' Second Br. 11-12). But that dispute is ultimately irrelevant because, whether the issue is properly raised by way of a motion for reconsideration or by way a motion for judgment on the pleadings, the Court concludes that Merinoff and Baird are entitled to advancement of their pre-amendment fees and expenses. As a threshold matter, the fact that those fees and expenses have already been incurred does not defeat a claim of advancement. *See, e.g.*, *Mooney*, 2015 WL 3413272, at *2, 5 (noting that the plaintiff had received advancement for litigation related to "now-abandoned allegations"); *Imbert v. LCM Interest Holding LLC*, C.A. No. 7845 (ML), 2013 WL 1934563, at *10 (Del. Ch. May 7, 2013) (holding that if plaintiff could not seek advancement for responding to a withdrawn claim, "a company [could] assert claims against a former fiduciary, dismiss those claims without prejudice before the fiduciary obtains advancement, and then force the fiduciary to prove his entitlement to indemnification without the benefit of the advancement claims for which he bargained"). In addition, as the Court held in the November 8, 2017 Opinion, the original complaint in the E.D.N.Y. Action raised claims against Merinoff and Baird "by reason of the fact" that they were officers of Empire. (November 16, 2017 Order 2). It is true that the parties continue to litigate whether the bad faith "carve out" applies to defeat Defendants' claim for indemnification, but that dispute (with respect to which the Court intimates no view at this time) does not affect the right to advancement under either Delaware law or the terms of the parties' contract. *See, e.g.*, *Fillip v. Centerstone Linen Servs., LLC*, C.A. No. 8712 (ML), 2013 WL 6671663, at *7 (Del. Ch. Dec. 11, 2013) (acknowledging that it is "implicit under settled law" that "advancement is

6

required even if an official is accused of fraud or bad faith, and . . . that the advancement right would be subject to the official's obligation to repay the amounts advanced if he was finally determined to have committed such fraud or bad faith acts" (internal quotation marks omitted)); *cf. Homestore, Inc. v. Tafeen*, 888 A.2d 204, 212 (Del. 2005) ("The right to advancement is not dependent on the right to indemnification."). Indeed, were it otherwise, the language in the contract that requires Defendants to repay any amounts they are advanced if it is ultimately determined that they are not entitled to indemnification would be superfluous.

In sum, Defendants' motions for reconsideration or, in the alternative, partial judgment on the pleadings are denied, except to the extent that they seek a ruling that they are entitled to advancement for their fees and expenses in connection with litigating Empire's pre-amendment claims. The parties shall promptly meet and confer to discuss the amount to which Defendants are entitled on that score and, if that amount is disputed, a means to resolve the dispute. The parties shall file a joint letter addressing those issues within two weeks of the date of this Memorandum Opinion and Order.

The Clerk of Court is directed to terminate Docket Nos. 65 and 68.

SO ORDERED.

Date: January 4, 2018
New York, New York

_____
JESSE M. FURMAN
United States District Judge