UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMPIRE MERCHANTS, LLC,<br><br>   Plaintiff,<br><br>   -against-<br><br>CHARLES MERINOFF and<br><br>GREGORY BAIRD,<br><br>   Defendants<br><br>CHARLES MERINOFF and<br><br>GREGORY BAIRD,<br><br>   Counterclaim-Plaintiffs,<br><br>   -against-<br><br>EMPIRE MERCHANTS, LLC,<br><br>   Counterclaim-Defendant. | No. 16-CV-9590 (JMF) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR CERTIFICATION PERMITTING IMMEDIATE APPEAL**

          BOIES SCHILLER FLEXNER LLP

          Sean F. O'Shea
          575 Lexington Avenue
          New York, New York 10022
          Tel: (212) 446-2300
          Fax: (212) 446-2350
          soshea@bsfllp.com

          Helen M. Maher
          333 Main Street
          Armonk, New York 10504
          Tel: (914) 749-8200
          Fax: (914) 749-8302
          hmaher@bsfllp.com

          *Attorneys for Defendants Charles Merinoff and
          Gregory Baird*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

RELEVANT BACKGROUND ............................................................................................. 2

ARGUMENT .......................................................................................................................... 3

      I.    THE COURT SHOULD CERTIFY AS FINAL,
            FOR PURPOSES OF APPEAL, ITS ORDERS
            DENYING POST-AMENDMENT ADVANCEMENT ........................................ 3

CONCLUSION ....................................................................................................................... 8

**TABLE OF AUTHORITIES**

**Cases**

*Acumen Re Mgmt. Corp. v. Gen. Sec. Nat. Ins. Co.*,
   769 F.3d 135 (2d Cir. 2014) .................................................................................... 3, 4, 5

*Assoc. Elec. & Gas Ins. Servs., Ltd. v. Rigas*,
   382 F. Supp. 2d 685 (E.D. Pa. 2004) ....................................................................... 5, 6, 7, 8

*Gramercy Advisors, LLC v. Coe*,
   2014 WL 5847442 (S.D.N.Y. Nov. 12, 2014) ........................................................ 6

*Homestore, Inc. v. Tafeen*,
   886 A.2d 502 (Del. 2005) ........................................................................................ 5

*Homestore, Inc. v. Tafeen*,
   888 A.2d 204 (Del. 2005) ........................................................................................ 6, 7

*Kaung v. Cole Nat'l Corp.*,
   884 A.2d 500 (Del. 2005) ........................................................................................ 6

*Lipson v. Supercuts, Inc.*,
   1996 WL 560191 (Del. Ch. Sept. 10, 1996) ........................................................... 6

*Miller v. U.S. Foodservice, Inc.*,
   405 F. Supp. 2d 607 (D. Md. 2005) ........................................................................ 6, 8

*Mitchell Co., Inc. v. Campus*,
   2009 WL 1606844 (S.D. Ala. June 4, 2009) .......................................................... 6

*New York Univ. v. Galderma Labs., Inc.*,
   2015 WL 4605645 (S.D.N.Y. July 31, 2015) ......................................................... 4, 6, 7, 8

*Roller Bearing Indus., Inc. v. Paul*,
   2010 WL 1257715 (W.D. Ky. Mar. 26, 2010) ........................................................ 6

*Stein v. KPMG*,
   486 F.3d 753 (2d Cir. 2007) .................................................................................... 5

*U.S. v. Stein*,
   452 F. Supp. 2d 230 (S.D.N.Y. 2006) ..................................................................... 4, 5, 7, 8

*Westar Energy, Inc. v. Lake*,
   552 F.3d 1215 (10th Cir. 2009) ............................................................................... 4, 5

**Statutes**

Fed. R. Civ. P. 54(b) ........................................................................................................ *passim*

Pursuant to Federal Rule of Civil Procedure 54(b), Charles Merinoff and Gregory Baird (together, "**Defendants**"), by and through their attorneys, respectfully submit this memorandum of law in support of their motion for certification permitting an immediate appeal of the Court's rulings denying Defendants' request for advancement of their attorneys' fees and expenses incurred in connection with the amended pleading filed by Plaintiff Empire Merchants, LLC ("**Empire**") on December 9, 2016 in the litigation captioned *Empire Merchants, LLC v. Reliable Churchill LLLP*, No. 16-CV-5226(ARR) (S.D.N.Y.) (the "**EDNY Action**").[1]

## PRELIMINARY STATEMENT

Absent certification pursuant to Rule 54(b), Defendants will never be able to obtain appellate review of the Court's denial of post-amendment advancement. If Defendants are required to wait until this Court renders a decision on indemnification before taking an appeal, their appeal on the separate and distinct issue of advancement will have been rendered moot by this Court's ruling on the issue of indemnification following the final disposition of the EDNY Action, as well as Defendants' advancement rights.

Certification is appropriate because this Court has rendered a final decision as to Defendants' claim for post-amendment advancement, and because "there is no just reason for delay." Fed. R. Civ. P. 54(b). The only issues pending before the Court concern Defendants' pre-amendment indemnification claim, calculation of Defendants' award of pre-amendment advancement, and Empire's damages for its breach of contract claim. Accordingly, no future developments before this Court will moot any appeal of this Court's denial of post-amendment

---

[1] The following abbreviations are used through this brief: Empire's Amended and Restate Limited Liability Agreement, dated October 18, 2006 (ECF 8-1) ("**LLC Agreement**" or "**LLC Agmt.**"); Empire's original pleading in the EDNY Action, dated September 20, 2016 (ECF 24-1) ("**Original EDNY Complaint**" or "**EDNY Compl.**"); Empire's First Amended Complaint in the EDNY Action, dated December 9, 2016 (ECF 8-2) ("**EDNY FAC**"); Opinion and Order, dated November 8, 2017 (ECF 62) ("**November 8 Order**" or "**Nov. 8 Order**").

advancement. Additionally, because advancement and indemnification are separate and distinct legal rights and a decision by the Second Circuit Court of Appeals would bind all parties, there is *no* risk that certification on the issue of post-amendment advancement will cause the Second Circuit to visit the same issue more than once. Accordingly, the Court should certify as final, for purposes of appeal, its Order denying Defendants advancement of their post-amendment fees in the EDNY Action.

## **RELEVANT BACKGROUND**

On September 20, 2016, Empire commenced the EDNY Action, alleging eight state law claims against Defendants in connection with an alleged "bootlegging" scheme that Empire claims was carried out by Defendants and others between 2009 and 2016. (EDNY Compl. ¶¶ 67-69, 234-300.) Empire also alleged two federal RICO claims against other defendants in the EDNY Action, in connection with the same alleged scheme. (*Id.* ¶¶ 177-233.)

Pursuant to Section 5.5 of Empire's LLC Agreement, as former members of Empire's Board of Managers, Defendants are entitled to advancement and indemnification by Empire, to the fullest extent permitted by law, of all attorneys' fees and expenses incurred "by reason of the fact" that Defendants were "Managers" of Empire. (LLC Agmt. § 5.5(b); *see also* Nov. 8 Order at 7 (noting that "whether Merinoff and Baird are entitled to advancement turns (at least in the first instance) on whether the E.D.N.Y. Action was brought against them 'by reason of the fact' that they were officers of Empire.").) Accordingly, Defendants demanded that Empire advance funds for their defense of the EDNY Action, and on November 18, 2016, Defendants commenced an advancement proceeding when Empire refused advancement. (*See* Nov. 8 Order at 4; ECF 8-3, 8-4, 8-5.)

On December 9, 2016, Empire filed the EDNY FAC, in which it added a claim against Defendants for "civil conspiracy" (*see* EDNY FAC ¶¶ 344-53) and withdrew three of Empire's

claims against Defendants: negligent misrepresentation, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty.  (*Compare* EDNY Compl. ¶¶ 264-72, 286-300 *with* EDNY FAC ¶¶ 237-381.)

As recognized by this Court in its Memorandum Order and Opinion dated January 5, 2018 (ECF 75) (the "**January 5 Order**" or "**Jan. 5 Order**"), Defendants are entitled to advancement for their attorneys' fees and expenses incurred in defending the EDNY Action prior to the filing of the EDNY FAC.  (ECF 75 at 5-6.)  However, in the November 8 Order, the Court concluded that *only* the three withdrawn claims were brought against Defendants "by reason of" their roles as Empire Managers, and denied Defendants' request for advancement of attorneys' fees and expenses incurred in defending the EDNY Action after the filing of the EDNY FAC.  (Nov. 8 Order at 7-8.)  The Court also denied Defendants' motion for reconsideration of the issue.  (Jan. 5 Order at 4.)  Defendants now respectfully request that the Court certify as final, for purposes of appeal, its Orders denying advancement for the post-amendment period.

## **ARGUMENT**

### I.  THE COURT SHOULD CERTIFY AS FINAL, FOR PURPOSES OF APPEAL, ITS ORDERS DENYING POST-AMENDMENT ADVANCEMENT.

Pursuant to Federal Rule of Civil Procedure 54(b), "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  A final judgment under Rule 54(b) is appropriate "when three requirements have been satisfied: (1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been finally determined; and (3) the court makes an express determination that there is no just reason for delay."  *Acumen Re Mgmt. Corp. v. Gen.*

3

*Sec. Nat. Ins. Co.*, 769 F.3d 135, 140 (2d Cir. 2014) (internal quotations and citations omitted).

"[I]n deciding whether there is no just reason for delay," courts consider factors including:

> (1) The relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by further developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expenses and the like.

*New York Univ. v. Galderma Labs., Inc.*, 2015 WL 4605645, at *5 (S.D.N.Y. July 31, 2015)

(citations omitted) (hereinafter "*Galderma*").

In addition to the foregoing factors, the special nature of advancement weighs in favor of *always* granting Rule 54(b) certification on advancement rulings:

> ***To assure that both parties to an advancement dispute can obtain timely appellate resolution of the merits, district courts should consider entering orders under Fed. R. Civ. P. 54(b)*** when necessary for decisions on retrospective relief to be final and appealable.
> . . .
>
> All that is necessary is for the district court, upon deciding the advancement issue, to enter a final judgment on that issue under Fed. R. Civ. P. 54(b). Such a final judgment is proper despite the presence of unresolved claims if the district court 'determines that there is no just reason for delay.' *Id.* . . . [S]uch a determination would ordinarily be proper for an advancement claim. Not only would use of Rule 54(b) help the corporation that wishes to challenge an advancement ruling, ***it could also be critical to a corporate officer if the ruling is to deny an advancement***.
> . . .
>
> I would urge district courts to consider using Rule 54(b) to create final judgments when advancement claims for previously incurred attorney fees are joined with other matters.

*Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1231-33 (10th Cir. 2009) (Hartz, J., concurring)

(emphasis added).  See also *U.S. v. Stein*, 452 F. Supp. 2d 230, 274 (S.D.N.Y. 2006), *vac'd on*

4

<pre>
</pre>

*other grounds*, *Stein v. KPMG*, 486 F.3d 753 (2d Cir. 2007) ("***Rule 54(b) would permit entry of final judgment on the advancement claims***, regardless of how they are decided, notwithstanding the continued pendency of counterclaims.") (emphasis added); *Assoc. Elec. & Gas Ins. Servs., Ltd. v. Rigas*, 382 F. Supp. 2d 685, 702 (E.D. Pa. 2004) (hereinafter "*Rigas*") (entering "judgment under Rule 54(b) on the issue of advancement of defense costs").

The first requirement for Rule 54(b) certification, "multiple claims or parties," is plainly met because this action concerns at least three different claims: Defendants' right to advancement; Defendants' right to indemnification; and Empire's claim for breach of contract.

The second requirement for Rule 54(b) certification is also met because "at least one claim . . . has been finally determined." *Acumen*, 769 F.3d at 140. Defendants' claim for post-amendment advancement has been denied by this Court.

Finally, the third requirement for Rule 54(b) certification, "that there is no just reason for delay," is also met because absent an immediate appeal, Defendants' ability to challenge this Court's denial of advancement will be lost forever, given the nature of advancement. If Defendants are forced to wait until a decision is rendered on indemnification, their appeal on the separate and distinct interim issue of advancement will be moot. *See, e.g., Homestore, Inc. v. Tafeen*, 886 A.2d 502, 505 (Del. 2005) (hereinafter "*Homestore I*") ("to be of any value to the executive or director*, advancement must be made promptly, otherwise its benefit is forever lost*") (emphasis added; internal quotations and citation omitted); *Westar*, 552 F.3d at 1225 ("If a corporation withholds advances, the right will be irretrievably lost at the conclusion of the litigation, because at that point the officer will only be entitled to indemnity.") (citing *Homestore I*, 886 A.2d at 505); *U.S. v. Stein*, 452 F. Supp. 2d at 272-73 ("***Postponement*** of determination whether [] a right [to advancement] exists ***would render the right meaningless***.") (emphasis

5

added); *see also Kaung v. Cole Nat'l Corp.*, 884 A.2d 500, 510 (Del. 2005) ("an advancement proceeding is summary in nature"); *Lipson v. Supercuts, Inc.*, 1996 WL 560191, at *2 (Del. Ch. Sept. 10, 1996) "[I]f advance indemnification is to have *any utility or meaning*, a claimant's entitlement to it must be decided relatively promptly.") (emphasis added).[2]

Moreover, all of the factors listed in *Galderma* weigh in favor of entering final judgment on Defendants' advancement claim. *First*, because advancement and indemnification are separate and distinct rights, there is no just reason why Defendants' advancement claim cannot be severed for appeal purposes. *See, e.g., Homestore, Inc. v. Tafeen*, 888 A.2d 204, 212 (Del. 2005) (hereinafter "*Homestore II*") ("Although the right[s] to indemnification and advancement are correlative, they are *separate and distinct legal actions*. The right to advancement is not dependent on the right to indemnification.") (emphasis added); *Rigas*, 382 F. Supp. 2d at 702 (finding "no just reason for delay" of Rule 54(b) certification and acknowledging that the issue of advancement was "clearly distinct from the other issues in this case . . . . determinations of [insurance] coverage, although they may implicate reimbursement duties for the Insureds, are distinct from the Carriers' obligation to advance costs."). And Defendants' advancement claim is separable from Empire's breach of contract claim because that claim involves completely

---

[2] *See also, e.g., Miller v. U.S. Foodservice, Inc.*, 405 F. Supp. 2d 607, 620 (D. Md. 2005) (refusing to delay payment of advancement until issues of recoupment and setoff were determined, stating that "[i]f a corporation can circumvent it obligation to pay an officer's legal fees simply by filing a counterclaim against the officer, then advance indemnification provisions will be rendered virtually null whenever a corporation wishes to avoid that obligation."); *Roller Bearing Indus., Inc. v. Paul*, 2010 WL 1257715, at *6 (W.D. Ky. Mar. 26, 2010) ("Depriving [defendant] of the right to advancement until after trial is to deny that right permanently."); *Mitchell Co., Inc. v. Campus*, 2009 WL 1606844, at *3 (S.D. Ala. June 4, 2009) ("If the Court does not issue injunctive relief requiring [plaintiff] to pay for the advances during the litigation, then [defendant's] advancement right will be *eviscerated and rendered meaningless*.") (citations omitted; emphasis added); *cf. Gramercy Advisors, LLC v. Coe*, 2014 WL 5847442, at *4 (S.D.N.Y. Nov. 12, 2014) ("advancement of costs becomes *an empty promise* if it is deferred until at or near the termination of the underlying litigation") (denying request to stay and certify for appeal decision *granting* advancement) (emphasis added).

different facts and legal issues—namely, whether Defendants breached a forum selection clause and whether Empire is entitled to its attorneys' fees as contract damages.

*Second*, "there is no risk that the need for review will be mooted by further development in the district court." *Galderma*, 2015 WL 4605645, at *6. The only expected future developments in this case are related to Defendants' pre-amendment indemnification claim, and determinations of the amounts to be paid in connection with Defendants' award of pre-amendment advancement and Empire's contract claim. Disposition of those claims will have no obviously not moot any appeal of this Court's denial of advancement of post-amendment fees. *See Homestore II*, 888 A.2d at 212; *U.S. v. Stein*, 452 F. Supp. 2d at 271-73; *Rigas*, 382 F. Supp. 2d at 702 ("the issue of advancement of defense costs will not be rendered moot by subsequent adjudication in this case addressing broader issues of coverage").

*Third*, there is no risk that the Second Circuit Court of Appeals "might be obliged to consider the same issue a second time," *Galderma*, 2015 WL 4605645, at *6, because its ruling on post-amendment advancement will bind all parties, and advancement and indemnification are legally distinct and separate rights. *Homestore II*, 888 A.2d at 212; *Rigas*, 382 F. Supp. 2d at 702.

The *fourth* factor, "the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final," *Galderma*, 2015 WL 4605645, at *6, is irrelevant here because no judgment has been made in favor of Defendants' request for post-amendment advancement and thus no award in Empire's favor would constitute "set-off" against post-amendment advancement. Indeed, Empire and the Court rejected Defendants' argument, made in the parties' joint letter to the Court dated November 15, 2017 (ECF 63 at 3), that the equities of the case and considerations of judicial economy should persuade the Court to stay any

7

fee application by Empire until such time as a final decision has been rendered on *indemnification*. (*See* Order, dated November 16, 2017 (ECF 64) at 2.) Moreover, it would be improper and antithetical to the summary nature of advancement to delay an appeal on advancement based on another claim. *See, e.g., Miller*, 405 F. Supp. 2d at 620 ("Consistent with the approach advanced by the Delaware courts, this court will not allow [defendant's] recoupment and setoff claims to delay the payment of attorney's fees to [plaintiff]."); *Rigas*, 382 F. Supp. 2d at 702.

*Finally*, the fifth factor, which refers to "miscellaneous factors such as delay," *Galderma*, 2015 WL 4605645, at *6, weighs strongly in favor of Defendants. Absent the ability to seek an immediate appeal, Defendants will never be able to obtain appellate review of the order denying post-amendment advancement, and their right to advancement rendered completely and definitively meaningless. That is because by the time this case is final as to all issues and parties, the Court's ruling on Defendants' right to indemnification will have mooted the issue of advancement. *See U.S. v. Stein*, 452 F. Supp. 2d at 272-73 ("[D]etermination of a claim for advancement cannot wait until the underlying case is over, when an [indemnitee's] right to indemnification may be determined."); *Rigas*, 382 F. Supp. 2d at 702 ("[T]here is no reason as to why . . . a judgment requiring advancement of defense costs should be delayed. In fact, there is clear prejudice to the Insureds if such a judgment is delayed, as they are still obligated to pay the defense costs they are presently incurring in defending the pending civil suits."). Given these practical and equitable considerations, the Court should enter partial judgment on the issue of advancement for purposes of appeal.

## CONCLUSION

Based on the foregoing, the Court should certify as final, for purposes of appeal, its Orders denying Defendants' request for post-amendment advancement.

Respectfully submitted,

Dated: New York, New York
       January 26, 2018

BOIES SCHILLER FLEXNER LLP

   /s/  Sean F. O'Shea

Sean F. O'Shea
575 Lexington Avenue
New York, New York 10022
Tel: (212) 446-2300
Fax: (212) 446-2350
soshea@bsfllp.com

Helen M. Maher
333 Main Street
Armonk, New York 10504
Tel: (914) 749-8200
Fax: (914) 749-8302
hmaher@bsfllp.com

*Attorneys for Defendants Charles Merinoff and Gregory Baird*