UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                                   :

EMPIRE MERCHANTS, LLC,             :

      Plaintiff and Counterclaim-Defendant,   :

      -against-                  :

                                   :   No. 16-CV-9590 (JMF) (SN)

CHARLES MERINOFF and        :
GREGORY BAIRD,            :

      Defendants and Counterclaim-Plaintiffs. :

                                   :

-----------------------------------------------------------x

# EMPIRE'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR RULE 54(B) CERTIFICATION

GIBSON, DUNN & CRUTCHER LLP

Randy M. Mastro
Lawrence J. Zweifach
Avi Weitzman

200 Park Avenue
New York, NY  10166-0193
(212) 351-4000
Fax:  (212) 351-4035

*Attorneys for Plaintiff and Counterclaim-Defendant Empire Merchants, LLC*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................. 1

BACKGROUND ...................................................................................................... 4

ARGUMENT .......................................................................................................... 6

I.    The Court Should Not Enter Final Judgment as to the Subsidiary, Factually
      Interrelated Issue of Post-Amendment Advancement. ..................................... 6

      A.    There Is a Strong Historic Presumption Against Piecemeal Appeals, and
            Rule 54(b) Should Be Used "Sparingly" to Override That Presumption. ............. 6

      B.    There Has Been No Final Adjudication of Defendants' Counterclaim for
            Advancement—an Essential Precondition to Rule 54(b) Certification. ............... 8

      C.    Defendants Fail to Show the Injustice or Hardship Necessary to Warrant a
            Piecemeal Appeal, Which Would Cause Significant Judicial Inefficiency. ........ 10

II.   In the Alternative, any Certification for Appeal Should Present the Parties'
      Unitary Advancement Dispute, Including the Threshold Issue Raised by Empire
      That Defendants' Bad-Faith Misconduct Precludes
      Pre-Amendment Advancement. ....................................................................... 16

CONCLUSION ...................................................................................................... 17

# TABLE OF AUTHORITIES

Page

## Cases

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*,
    106 F.3d 11 (2d Cir. 1997) ................................................................................10

*Anthuis v. Colt Indus. Operating Corp.*,
    971 F.2d 999 (3d Cir. 1992) ...............................................................................11

*Associated Elec. & Gas Ins. Servs., LTD v. Rigas*,
    382 F. Supp. 2d 685 (E.D. Pa. 2004) ..................................................................13

*Cadleway Props., Inc. v. Ossian State Bank*,
    478 F.3d 767 (7th Cir. 2007) ................................................................................8

*Campbell v. Westmoreland Farm, Inc.*,
    403 F.2d 939 (2d Cir. 1968) ...............................................................................11

*Catlin v. United States*,
    324 U.S. 229 (1945) ..............................................................................................8

*Cullen v. Margiotta*,
    618 F.2d 226 (2d Cir. 1980) .................................................................................7

*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
    446 U.S. 1 (1980) .........................................................................................7, 8, 10

*Dayton Superior Corp. v. Spa Steel Prods., Inc.*,
    No. 1:08-CV-1312 (FJS/RFT), 2010 WL 3825619
    (N.D.N.Y. Sept. 24, 2010) ....................................................................................8

*Digital Equip. Corp. v. Desktop Direct, Inc.*,
    511 U.S. 863 (1994) ..............................................................................................8

*Gen. Acquisition, Inc. v. GenCorp, Inc.*,
    23 F.3d 1022 (6th Cir. 1994) ................................................................................8

*Gidatex, S.r.L. v. Campaniello Imps., Ltd.*,
    73 F. Supp. 2d 345 (S.D.N.Y. 1999) ....................................................................6

*Harriscom Svenska AB v. Harris Corp.*,
    947 F.2d 627 (2d Cir. 1991) ....................................................................11, 12, 14

*Hogan v. Consolidated Rail Corp.*,
    961 F.2d 1021 (2d Cir. 1992) .............................................................................10

# TABLE OF AUTHORITIES
*(continued)*

**Page**

*Homestore, Inc. v. Tafeen*,
   886 A.2d 502 (Del. 2005) ...................................................................13

*Homestore, Inc. v. Tafeen*,
   888 A.2d 204 (Del. 2005) ...................................................................13

*Honeywell Int'l, Inc. v. Purolator Prods. Co.*,
   468 F.3d 162 (2d Cir. 2006) ..................................................................9

*Int'l Controls Corp. v. Vesco*,
   535 F.2d 742 (2d Cir. 1976) ..................................................................8

*In re Ishihara Chem. Co.*,
   251 F.3d 120 (2d Cir. 2001) ..................................................................8

*Liberty Mutual Ins. Co. v. Wetzel*,
   424 U.S. 737 (1976) ............................................................................8

*In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*,
   No. 09 Civ. 2137 (LTS) (MHD), 2010 WL 4910229
   (S.D.N.Y. Nov. 22, 2010) ...................................................................10

*Novick v. AXA Network, LLC*,
   642 F.3d 304 (2d Cir. 2011)...........................................................10, 11

*O & G Indus., Inc. v. Nat'l R.R. Passenger Corp.*,
   537 F.3d 153 (2d Cir. 2008) ..................................................................9

*O'Bert v. Vargo*,
   331 F.3d 29 (2d Cir. 2003)..........................................................1, 7, 16

*Pearson v. Exide Corp.*,
   No. 99-4104, 2002 WL 93052 (E.D. Pa. Jan. 22, 2002)........................9

*Reiter v. Cooper*,
   507 U.S. 258 (1993)...........................................................................11

*Rudd Constr. Equip. Co. v. Home Ins. Co.*,
   711 F.2d 54 (6th Cir. 1983) ..................................................................8

*Sears, Roebuck & Co. v. Mackey*,
   351 U.S. 427 (1956)............................................................1, 6, 7, 8, 16

*Shintom Am., Inc. v. Car Tels., Inc.*,
   45 F.3d 1107 (7th Cir. 1995) ...........................................................2, 11

## TABLE OF AUTHORITIES
*(continued)*

<u>**Page**</u>

*Shrader v. Granninger,*
    870 F.2d 874 (2d Cir. 1989)..................................................................1, 7, 10, 16

*Stein v. KPMG, LLP,*
    486 F.3d 753 (2d Cir. 2007).........................................................................13

*United States v. Stein,*
    452 F. Supp. 2d 230 (S.D.N.Y. 2006)...........................................................13

*Westar Energy, Inc. v. Lake,*
    552 F.3d 1215 (10th Cir. 2009) ............................................................2, 13, 14

**Statutes**

28 U.S.C. § 1291 .................................................................................................1, 6

28 U.S.C. § 1292 ..................................................................................................15

**Rules**

Fed. R. Civ. P. 54(b) ..................................................................................1, 6, 7, 8, 10

Plaintiff and Counterclaim-Defendant Empire Merchants, LLC ("Empire") respectfully submits this Memorandum of Law in opposition to Defendants' Motion for Certification Permitting Immediate Appeal of only that portion of this Court's decision denying them advancement of certain of their fees.

## PRELIMINARY STATEMENT

Since late 2016, Defendants have pursued a single claim for advancement of fees and costs incurred defending Empire's action in the Eastern District of New York. Neither that claim nor any of Empire's claims have been finally adjudicated. Nevertheless, Defendants now seek a Rule 54(b) certification to appeal the portion of this Court's ruling denying Defendants' Rule 12(c) motion on their advancement claim, but not the portion of the ruling that granted Defendants limited advancement and ordered further briefing as to the amounts to be advanced. The Court should reject Defendants' motion, which runs contrary to governing law, risks piecemeal appellate litigation, and defies commonsense judicial administration.

Federal courts have long disfavored certifications of appealability under Rule 54(b), in order to "preserve[] the historic federal policy against piecemeal appeals[.]" *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956). Indeed, the Second Circuit has emphasized that the power to enter partial judgment "should be used only in the infrequent harsh case[.]" *O'Bert v. Vargo*, 331 F.3d 29, 41 (2d Cir. 2003) (citation omitted); *see also Shrader v. Granninger*, 870 F.2d 874, 878 (2d Cir. 1989) ("the district court's discretion should be exercised 'sparingly'" (citation omitted)). Here, Defendants have not met *any* of the requirements that would permit—let alone warrant—entry of Rule 54(b) certification.

First, Defendants ignore that the Court has not made the necessary "final" decision as to an entire "claim." *See* 28 U.S.C. § 1291; Fed. R. Civ. P. 54(b). Defendants have asserted a single

1

counterclaim for advancement in this action.  Defendants distort their pleading and now suggest that they have pursued two separate claims for pre-amendment and post-amendment advancement, and that the latter claim—which they seek to appeal—has been finally adjudicated.  *See* ECF No. 79 ("Br.") at 1, 5, 7, 8.  But in fact, Defendants' sole counterclaim sought advancement of all fees incurred with respect to any and all pre-amendment and post-amendment claims.  *See* ECF No. 24 at WHEREFORE A ("Counterclaim-Plaintiffs pray for judgment against Empire . . . [d]eclaring that Merinoff and Baird are entitled to advancement of reasonable attorneys' fees and other expenses incurred in connection with the EDNY Action, including the claims that Empire has withdrawn from the EDNY Action[.]").  That advancement counterclaim has not been finally determined—the amount of pre-amendment advancement owed to Defendants remains *sub judice*.  As does Empire's breach of contract claim, which has also been resolved as to liability but not as to damages.  In sum, none of the claims actually asserted in the parties' pleadings have been finally adjudicated, and thus Defendants' motion for certification is premature.

Second, Defendants fail to demonstrate the requisite hardship or injustice that would justify the rare piecemeal appeal and consequent inefficiency.  Defendants are not at risk of potential insolvency or prejudice in criminal proceedings, the type of dire circumstance that might justify Rule 54(b) certification.  *See Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1225 (10th Cir. 2009); *Shintom Am., Inc. v. Car Tels., Inc.*, 45 F.3d 1107, 1111 (7th Cir. 1995).  To the contrary, even if partial judgment were not immediately entered and Defendants were made to await a single appeal of all related claims to the Second Circuit—as done in almost all cases—they will presumably continue to be represented by their counsel of choice in this and the EDNY Action, which is dormant awaiting disposition of Empire's appeal.  Furthermore, Defendants simply ignore the very real possibility that either party may seek appellate review of one or more of the other live

intertwined issues in this Action, which would result in fragmented appellate proceedings and cause considerable judicial inefficiency.

At bottom, Defendants request seeks to create a categorical, automatic rule that a court should "*always* grant[] Rule 54(b) certification on advancement rulings" (Br. 4)—even where, as here the advancement claim is interrelated to other pending claims in the case and the Defendants face no meaningful prejudice.  But this invented rule finds no support in the governing law and contravenes common-sense notions of judicial economy.  Accordingly, the Court should decline to certify this issue for immediate appeal and, instead, require Defendants to await a final judgment in the ordinary course of litigation.

For all the foregoing reasons, Empire respectfully submits that the Court should deny Defendants' request to certify only a portion of their advancement counterclaim for immediate appeal.  In the event the Court were inclined to separate Defendants' advancement claim from the parties' other pending claims and grant certification, however, Empire respectfully suggests that the parties' entire advancement dispute should be certified.  In that case, the Second Circuit should have the opportunity to consider at one time Defendants' contractual entitlement to advancement—both pre- and post-amendment—given the obvious interrelatedness of those issues, Defendants' unitary claim for advancement, and the unique contractual provision at issue.  Indeed, Empire respectfully suggests that the applicability of the bad-faith carve-out to Defendants' pre-amendment advancement claim, *see* ECF No. 40 at 19–20, would present a more viable question to certify to the Circuit than Defendants' frivolous post-amendment claim, which this Court repeatedly and correctly denied.

## BACKGROUND

This action continues a long-running advancement dispute in which Defendants have sought advancement of legal fees and expenses incurred in defending a federal RICO lawsuit brought by Empire in the Eastern District of New York. On September 20, 2016, Empire commenced that action against Merinoff, Baird, and 19 other defendants, alleging that they carried out a massive, eight-year bootlegging scheme to divert wine and spirits illegally from Maryland into New York: creating an illegal "grey market" for those goods and depriving Empire of tens of millions of dollars in liquor sales. *See Empire Merchants, LLC v. Reliable Churchill LLLP*, No. 16 Civ. 5226 (ARR) (LB) (E.D.N.Y.) (the "EDNY Action").

On November 18, 2016, Merinoff and Baird filed an action in the Delaware Court of Chancery (the "Delaware Action") seeking advancement of their attorneys' fees and expenses defending the EDNY Action and reimbursement of legal fees incurred to prosecute the Delaware Action. *See* ECF No. 8-5 ¶¶ 34–41. On December 9, 2016, Empire amended its complaint in the EDNY Action, which, among other things, abandoned claims for breach of fiduciary duty, negligent misrepresentation, and aiding and abetting. *See* ECF No. 39-6 (the "EDNY FAC"). On December 12, 2016, Empire moved to dismiss the Delaware Action, explaining in part that, pursuant to the forum selection clause of the LLC Agreement among the parties, the advancement dispute must be litigated in New York. *See* ECF No. 39-3 ¶ 2. The same day, Empire commenced this SDNY action (the "SDNY Action") seeking a declaration that Empire is not required to advance or indemnify Defendants for legal fees incurred in the EDNY Action, and for breach of contract resulting from Defendants' breach of the forum selection clause in the LLC Agreement in that action. *See* ECF Nos. 1, 8. On February 2, 2017, the Court of Chancery dismissed the Delaware Action for improper venue. *See* ECF No. 25-1 ¶ 12.

4

On February 21, 2017, Defendants answered the amended complaint in the SDNY Action and asserted a single counterclaim seeking advancement of legal fees and expenses incurred in defending the EDNY Action. *See* ECF No. 24 ¶¶ 61–67. Defendants did not assert separate counterclaims for pre-amendment and post-amendment advancement. Rather, their sole counterclaim sought advancement of all fees and expenses incurred with respect to any and all pre-amendment and post-amendment claims. *Id.* at WHEREFORE A ("Counterclaim-Plaintiffs pray for judgment against Empire . . . [d]eclaring that Merinoff and Baird are entitled to advancement of reasonable attorneys' fees and other expenses incurred in connection with the EDNY Action, including the claims that Empire has withdrawn from the EDNY Action[.]").

On March 31, 2017, the parties filed competing motions for judgment on the pleadings pursuant to Rule 12(c). Empire sought partial judgment on the pleadings for its contract claim and claim for declaratory judgment as to advancement. *See* ECF No. 38. Defendants Merinoff and Baird sought judgment on the pleadings for "the Parties' Advancement Claims and Plaintiff's Breach of Contract Claim[.]" *See* ECF No. 41.

On November 8, 2017, this Court held that: (1) the claims against Merinoff and Baird in the EDNY FAC do not trigger a right to advancement, and that, in amending its complaint, Empire mooted any advancement dispute arising out of its original complaint; and (2) Merinoff and Baird were liable to Empire for breach of contract, which damages include Empire's fees and costs of litigating the Delaware Action. *See* ECF No. 62 (the "Nov. 8 Order"). Defendants moved for reconsideration, seeking, among other things, advancement of their fees and costs for defending the EDNY Action prior to amendment of Empire's complaint. *See* ECF Nos. 65–69. On January 4, 2018, the Court substantially denied Defendants' motion for reconsideration, but granted the motion solely "to the extent [Defendants] seek a ruling that they are entitled to *advancement* (rather

than indemnification) of their fees and expenses relating to litigation of Empire's pre-amendment claims."  *See* ECF No. 75 at 5–6 (the "Jan. 4 Order").

The parties are currently briefing their fee applications regarding the amount of (1) "pre-amendment" fees Empire must advance to Defendants; and (2) Empire's damages caused by Defendants' breach of contract.  Both fee applications will be fully briefed on or before February 27, 2018.  *See* ECF Nos. 76, 77.  Despite this ongoing litigation, on January 26, 2018, Defendants moved pursuant to Federal Rule of Civil Procedure 54(b) for an immediate entry of final judgment only as to the Court's holding denying post-amendment advancement.  *See* ECF No. 78. Defendants do not seek Rule 54(b) certification with respect to any other portion of its advancement claim or Empire's breach of contract claim.  *Id*.

## ARGUMENT

**I.    The Court Should Not Enter Final Judgment as to the Subsidiary, Factually Interrelated Issue of Post-Amendment Advancement.**

### A.    There Is a Strong Historic Presumption Against Piecemeal Appeals, and Rule 54(b) Should Be Used "Sparingly" to Override That Presumption.

"The Second Circuit, and federal courts in general, are historically opposed to piecemeal appeals."  *Gidatex, S.r.L. v. Campaniello Imps., Ltd.*, 73 F. Supp. 2d 345, 349 (S.D.N.Y. 1999). The courts of appeals have jurisdiction of appeals from "final decisions" of the district courts, 28 U.S.C. § 1291, and prior to the adoption of the Federal Rules of Civil Procedure, a "final decision" meant a decision disposing of the entire case, *see Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 431–32 (1956).  Federal Rule of Civil Procedure 54(b) created a limited exception to this rule, permitting the district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties" in the action, but "only if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  "Otherwise, any order or other decision, however

designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties[.]"  *Id.*

Rule 54(b) "preserves the historic federal policy against piecemeal appeals[.]"  *Sears, Roebuck & Co.*, 351 U.S. at 438.  The purpose of this policy is to serve judicial economy: "delaying appeal until all issues can be confronted by [the Court of Appeals] as a unified package" and when "[f]urther proceedings on the pending cause of action will illuminate appellate review of the other claims."  *Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir. 1980).  "Respect for that policy requires that the court's power to enter a final judgment before the entire case is concluded, in order to permit an aggrieved party to take an immediate appeal, be exercised sparingly."  *O'Bert v. Vargo*, 331 F.3d 29, 41 (2d Cir. 2003).  Indeed, the Second Circuit has emphasized that the power to enter partial judgment under Rule 54(b) "should be used only in the infrequent harsh case."  *Id.* (citing *Cullen*, 618 F.2d at 228); *see also Shrader v. Granninger*, 870 F.2d 874, 878 (2d Cir. 1989) ("the district court's discretion should be exercised 'sparingly'" (citation omitted)).

Prior to entry of final judgment under Rule 54(b), the action must meet three conditions: (1) it must involve multiple separate claims; (2) there must be a final decision as to at least one claim; and (3) there must be "no just reason for delay."  *See* Fed. R. Civ. P. 54(b).  Even then, "[i]t is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal."  *Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 8 (1980) (citation omitted).  "It [i]s . . . proper for the District Judge . . . to consider such factors as whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."  *Id.*  The movant must demonstrate it faces "the unusual case in which the costs and risks

of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Dayton Superior Corp. v. Spa Steel Prods., Inc.*, No. 1:08-CV-1312 (FJS/RFT), 2010 WL 3825619, at *4 (N.D.N.Y. Sept. 24, 2010) (citation omitted).

### B.  There Has Been No Final Adjudication of Defendants' Counterclaim for Advancement—an Essential Precondition to Rule 54(b) Certification.

In order to grant Rule 54(b) certification, "[a] district court must first determine that it is dealing with a 'final judgment.'  It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp.,* 446 U.S. at 7 (quoting *Sears, Roebuck & Co.*, 351 U.S. at 436).  "Finality" in this regard means "a district court decision that 'ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.'" *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).  If the district court enters judgment on something less than a final disposition *of an entire claim*, the Rule 54(b) judgment is improper, and the court of appeals is without jurisdiction to hear the appeal.  *See Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 745–46 (1976); *In re Ishihara Chem. Co.*, 251 F.3d 120, 123 n.1 (2d Cir. 2001).

Following this framework, numerous courts have held that an order adjudicating liability without an assessment of damages or other relief is not "final" and therefore not appealable through a Rule 54(b) certification.[1]  *See Liberty Mutual Ins. Co.,* 424 U.S. at 742–43; *Int'l Controls Corp.*

---

[1] Other Courts of Appeals have similarly so held.  *See Cadleway Props., Inc. v. Ossian State Bank,* 478 F.3d 767, 769 (7th Cir. 2007) ("[A] decision that resolves a dispute about liability while leaving relief to be determined cannot be appealed under Rule 54(b)."); *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1030–31 (6th Cir. 1994) (summary judgment on damages without any finding of liability is interlocutory determination that cannot be made appealable under Rule 54(b)); *Rudd Constr. Equip. Co. v. Home Ins. Co.*, 711 F.2d 54, 56 (6th Cir. 1983) (partial summary judgment which left issue of damages in dispute neither final nor certifiable under Rule 54(b)).

*v. Vesco*, 535 F.2d 742, 748 (2d Cir. 1976) ("[T]he district court may utilize its Rule 54(b) powers with respect to a given claim only if all damages stemming from that claim have been fixed.").[2] Indeed, courts have held specifically that orders of advancement *still to be quantified* are not final orders for the purposes of Rule 54(b).  *See Pearson v. Exide Corp.*, No. 99-4104, 2002 WL 93052, at *2 (E.D. Pa. Jan. 22, 2002) ("[T]he relevant orders in this case simply state that Exide is responsible to advance plaintiffs' litigation expenses. . . .  [S]ince the orders have not fully determined the amounts to be advanced to plaintiffs, the claim for advancement has not been 'finally' adjudicated.").

In multiple fora, both Delaware Chancery Court and in this Court, Defendants have asserted a single claim for advancement, without distinguishing between pre- and post-amendment advancement.  *See* ECF No. 8-5 ¶¶ 34–39 (Defendants' complaint in Delaware Action); ECF No. 1 at ¶¶ 37–42 (Empire's Complaint); ECF No. 8 at ¶¶ 37–42 (Empire's Amended Complaint); ECF No. 24 at ¶¶ 61–67 (Defendants' Answer with Counterclaims).   Having now obtained on reconsideration an order granting judgment *in part* and denying *in part* their claim for advancement, Defendants may not appeal from only a portion of the order.  Nor may Defendants appeal from only a portion of this Court's resolution of their asserted claim.   Defendants' application for pre-amendment advancement remains *sub judice*—indeed, the parties will be filing briefs today and over the next several weeks regarding the proper amount of advancement for pre-amendment advancement—and the Court's adjudication of Defendants' advancement counterclaim remains in progress.  *See Pearson*, 2002 WL 93052, at *2.  No final adjudication of

---

[2]   Likewise, an award of attorneys' fees is not a final, appealable order untill the amount of fees has been determined.  *See Honeywell Int'l, Inc. v. Purolator Prods. Co.*, 468 F.3d 162, 164 (2d Cir. 2006) ("[W]e have consistently held that an order awarding attorneys' fees and costs is not an appealable final order until the amount of fees and costs has been set by the district court."); *O & G Indus., Inc. v. Nat'l R.R. Passenger Corp.*, 537 F.3d 153, 167 (2d Cir. 2008) ("A non-quantified award of attorneys' fees and costs is not appealable until the amount of the fees has been set by the district court.").

Defendants' advancement claim has occurred and their Rule 54(b) certification motion is thus premature.

### C. Defendants Fail to Show the Injustice or Hardship Necessary to Warrant a Piecemeal Appeal, Which Would Cause Significant Judicial Inefficiency.

Lacking a finally determined claim, Defendants also cannot demonstrate, as they must under Rule 54(b), that there is no "just reason for delay" of an appeal.  Fed. R. Civ. P. 54(b).  In weighing a request for certification, "a district court must take into account judicial administrative interests as well as the equities involved."  *Curtiss-Wright Corp*, 446 U.S. at 8.  These two factors form the axes of courts' Rule 54(b) analysis.  First, as the Second Circuit has "repeatedly noted," "the district court generally should not grant a Rule 54(b) certification 'if the same or closely related issues remain to be litigated.'"  *Novick v. AXA Network, LLC*, 642 F.3d 304, 311 (2d Cir. 2011) (citation omitted).  Because interrelated claims create a risk of duplicative appellate review—paradigmatic judicial administrative inefficiency—Rule 54(b) certification should be denied if the claims that a movant seeks to appeal "arise from many of the same factual allegations" as remaining claims in the case.  *See In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*, No. 09 Civ. 2137 (LTS) (MHD), 2010 WL 4910229, at *1 (S.D.N.Y. Nov. 22, 2010).  Indeed, the certification of one claim when interrelated claims remain will be reversed as an abuse of discretion.  *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 21–22 (2d Cir. 1997) (district court abused its discretion in certifying particular dismissed claim that contained no different factual questions from unadjudicated claim); *Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1025–26 (2d Cir. 1992) (although court had power to enter Rule 54(b) judgment as to certain claims, those claims were too closely related to unadjudicated remaining claims, so court abused its discretion in ordering judgment); *Shrader*, 870 F.2d at 878–79.

Second, to obtain Rule 54(b) certification, Defendants must establish a hardship to them warranting immediate appeal.  In particular, the movant must present one of the exceptional few cases of such severity that "there exists some danger of hardship or injustice through delay," thereby requiring an immediate appeal.  *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991) (citation omitted).  Examples include the potential insolvency of a movant, *see Shintom Am., Inc. v. Car Tels., Inc.*, 45 F.3d 1107, 1111 (7th Cir. 1995), or the fact that a minor subsidiary claim in the case would trigger a long-running ancillary proceeding when the main claim had already been resolved, *see Reiter v. Cooper*, 507 U.S. 258, 270–71 (1993) (because counterclaim for unreasonable tariff rates was first required to be presented to Interstate Commerce Commission, court could enter judgment as to main claim under Rule 54(b)).  If the movant cannot demonstrate the requisite hardship or injustice that would result if judgment were not entered, certification is improper.  *Campbell v. Westmoreland Farm, Inc.,* 403 F.2d 939, 941–42 (2d Cir. 1968); *Anthuis v. Colt Indus. Operating Corp.*, 971 F.2d 999, 1012 (3d Cir. 1992).

Both of these considerations—the close interrelatedness of the parties' pending claims and the absence of hardship—militate against certification.  First, all of the parties' claims—Defendants' advancement claim and Empire's breach of contract and indemnification claims—are factually interrelated.  All of those claims relate to legal fees incurred in connection with the same underlying EDNY and Delaware Actions, involve the same parties and counsel, and are likely, as a practical matter, to offset each other financially.  Should either side seek to appeal any of this Court's forthcoming rulings on those issues, the Second Circuit would be forced to return to the same operative facts and law in separate appeals.  As the Circuit has noted, this is precisely the type of judicial inefficiency Rule 54(b) was designed to avoid.  *See Novick*, 642 F.3d at 311 ("'It does not normally advance the interests of sound judicial administration or efficiency to have

11

piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case' in successive appeals from successive decisions on interrelated issues." (quoting *Harriscom*, 947 F.2d at 631)).

Second, Defendants have failed to demonstrate meaningful hardship or injustice. The remainder of the parties' related advancement and breach of contract claims are poised to be resolved, with briefing to be completed in three weeks. Defendants do not and cannot advance any of the grave needs for immediate appeal identified by the caselaw, such as potential insolvency or imprisonment. Throughout the pendency of this action and the EDNY Action, Merinoff and Baird's legal fees have presumably been and are being paid by Reliable Churchill, the principal corporate defendant in the EDNY Action, or its parent entity Breakthru, which currently employs both Merinoff and Baird. Defendants therefore have not demonstrated any time-sensitive prejudice from this Court's orders necessitating immediate appeal. They will continue to be represented by the same counsel that represents Reliable Churchill (the Boies Schiller law firm) either way.

Further, delays in resolving this advancement dispute are largely of Defendants' own making. Defendants first filed for advancement in the wrong forum, in breach of the parties' "clear and unambiguous" mandatory forum selection clause. *See* Nov. 8 Order at 4–5. Then they sought, and briefed, reconsideration of every aspect of this Court's ruling—"simply rehash[ing]," in this Court's view, "arguments they previously made concerning whether Delaware law allows a party to recover attorney's fees and costs and damages for breach of a forum-selection clause," and "seek[ing] an impermissible second bite at the apple in taking issue with the Court's denial of their claim to advancement." Jan. 4 Order at 3, 4. In sum, Defendants fail to demonstrate meaningful, let alone requisite, hardship.

Defendants' caselaw is not to the contrary. To begin, the only cited case actually *addressing* advancement in the Rule 54(b) context, *Associated Electronic & Gas Insurance Services v. Rigas*, 382 F. Supp. 2d 685 (E.D. Pa. 2004) ("*Rigas*"), is inapposite. In *Rigas*, there was a final adjudication of the disputed advancement claim, not a partial adjudication as here. *Id.* at 698. Furthermore, the parties in *Rigas* all agreed to a Rule 54(b) certification; it was not a disputed matter. *Id.* at 701. *Rigas* also took place in a unique procedural context: a bankruptcy stay was lifted *only* so that the district court could decide the single issue of advancement, reducing the case to one live issue. *Id.* at 688. Finally, the ruling in *Rigas* sought to be certified was an order *requiring* advancement, not denying it. *Id.* at 702–03.[3]

Relying on *Westar Energy v. Lake*, 552 F.3d 1215 (10th Cir. 2009), Defendants contend that a court should "*always* grant[] Rule 54(b) certification on advancement rulings." Br. 4 (emphasis in original). Defendants' contention is both unsupported and overstated. As an initial matter, *Westar* is not a Rule 54(b) case. In fact, the Tenth Circuit began its analysis by stating that the advancement order "does not constitute a final judgment" under 28 U.S.C. § 1291 and therefore could not be certified under Rule 54(b). *Westar*, 552 F.3d at 1222. Instead, the court construed the district court's order granting advancement as a preliminary injunction and thus took jurisdiction over the interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1). *Id.* at 1222–24. Moreover, the principal factor supporting the court's finding of irreparable harm was that withholding advancement *prospectively* would risk the officer's very liberty because of the

---

[3] The other advancement cases cited by Defendants have nothing to do with Rule 54(b) certification. Neither opinion in the case of *Homestore, Inc. v. Tafeen*, 886 A.2d 502 (Del. 2005) and 888 A.2d 204 (Del. 2005), even mentions Rule 54(b). Similarly, the opinion in *United States v. Stein*, 452 F. Supp. 2d 230 (S.D.N.Y. 2006), *vac'd on jurisdictional grounds*, *Stein v. KPMG, LLP*, 486 F.3d 753 (2d Cir. 2007), only mentions Rule 54(b) in passing, to note its possible use should new counterclaims be added to the case. *See Stein*, 452 F. Supp. 2d at 274. Rule 54(b) plays no role in the complex opinion in *Stein*, which in any event was vacated by the Second Circuit by writ of mandamus. *See Stein v. KPMG, LLP*, 486 F.3d at 764.

13

pending criminal case against him, for which he sought advancement.  *Id.* at 1225.  Defendants have not alleged any remotely similar risk here, and none exists.

Moreover, the portion of *Westar* that Defendants do cite is wrenched out of context. Defendants quote a concurring opinion in which a single judge suggests that the district court could have used Rule 54(b) to resolve a wholly different problem.  The Court of Appeals reversed the district court in part, holding that the company was *not* required to advance fees and expenses previously incurred by predecessor counsel.  *Id. at 1230*.  However, under threat of a contempt order, the company had already advanced those fees.  The concurring judge suggested that Rule 54(b) might be used to permit the company to *recoup* the fees it had unnecessarily advanced.  *Id.* at 1231.  As noted by the *Westar* majority opinion, the portion of the concurrence on which Defendants rely was an improper advisory opinion that speaks to how a company might best recover wrongfully advanced fees—speculation that has no bearing here.  *Id.* at 1225–26 & n.9.

Defendants' heavy reliance on the uncontroversial claim that advancement is a right distinct from indemnification does nothing to change the analysis.  *See* Br. 5–7.  Defendants divine from that proposition a categorical, automatic right "always" to appeal *any* adverse advancement ruling—even when the advancement claim is interrelated to other pending claims in the case or absent any prejudice.  *See* Br. 4 (incorrectly relying in *Westar* to assert that a court should "*always* grant[] Rule 54(b) certification on advancement rulings").  But such a categorical rule finds no support in the well-developed caselaw adjudicating advancement and indemnification claims over the past several decades, and does violence to the well-established principle that Rule 54(b) certification should be granted only in the narrowest circumstances where denial would result in "injustice."  *Harriscom*, 947 F.2d at 629.

The absence of hardship to Defendants is underscored by the lack of merit in their proposed appeal. *See* 28 U.S.C. § 1292(b) (requiring a "substantial ground for difference of opinion" as a condition of interlocutory appeal).  This Court has now twice ruled that Defendants are not entitled to post-amendment advancement from Empire because the claims lodged against them in the EDNY FAC do not arise "by reason of the fact" that they were officers of Empire.  Those rulings were unequivocal, well-reasoned, and correct.  Empire sued Defendants because they participated in a massive smuggling scheme designed to enrich Reliable Churchill, the Sunbelt Entities, and themselves—at Empire's expense.  Defendants acted in their capacities as high-ranking executives of Reliable Churchill and the Sunbelt Entities, operating solely to benefit those companies.  Empire's post-amendment claims do not arise from any action that Defendants took on behalf of or with the corporate powers entrusted to them by Empire.  Accordingly, this Court has repeatedly and correctly held that Empire's post-amendment claims cannot "be viewed as brought 'by reason of the fact' that Merinoff and Baird were officers of Empire. . . .  None of the allegations against the two implicates their positions as Empire officers; instead, they arise exclusively out of their positions with Reliable Churchill and other Maryland entities."  Nov. 8 Order at 8.  Given the absence of any likelihood of success on appeal, declining to certify would cause Defendants no prejudice whatsoever.

To be sure, Defendants will get their day before the Court of Appeals on the question of what, if any, fees are owed by Empire pursuant to the LLC Agreement.  But they should not be permitted to rush that day forward, prematurely, when all of the claims in this case remain live and either party—Defendants or Empire—may well seek appellate review of the other intertwined issues in this Action, such as the amount of fees ordered as pre-amendment advancement or the award of breach of contract damages.  Defendants fail to offer any basis for this Court's exercise

15

of discretion in favor of 54(b) certification given "the historic federal policy against piecemeal appeals" and the recognition that certification should be used only "sparingly" and "in the infrequent harsh case." *Sears, Roebuck & Co.* 351 U.S. at 438; *O'Bert*, 331 F.3d at 41; *Shrader*, 870 F.2d at 878.

## II. In the Alternative, any Certification for Appeal Should Present the Parties' Unitary Advancement Dispute, Including the Threshold Issue Raised by Empire That Defendants' Bad-Faith Misconduct Precludes Pre-Amendment Advancement.

While Empire respectfully submits that the Court should deny Defendants' request to certify for appeal only a portion of their advancement counterclaim, if the Court were inclined to grant certification, it should certify all aspects of Defendants' entitlement to advancement, both pre- and post-amendment. In particular, any appeal must address the threshold bar raised by Empire to pre- or post-amendment advancement—namely, the LLC Agreement's prohibition on advancement for losses arising out of Defendants' own bad-faith misconduct. *See* ECF No. 40 at 19–20.

As previously explained, throughout this long-running advancement dispute, Defendants have asserted one unitary advancement claim. That claim—whether addressed with respect to pre-amendment causes of action, post-amendment causes of action, or both—arises from one unique provision of the parties' LLC Agreement. As the Court is aware, Empire has maintained that Defendants are not entitled to *any* advancement—pre- or post-amendment—because the LLC Agreement expressly limits advancement to "Persons entitled to indemnification" and, therefore, under the terms of this unique contractual provision, Defendants' entitlement to advancement is subject to the same threshold limitations on indemnification. *See* ECF No. 8-1 § 5.5(b); ECF No. 40 at 13–14, 20–22. The LLC Agreement forbids indemnification (and thus advancement) where, as here, a claim arises out of a "breach of his or her duty of loyalty . . . , act of fraud, bad faith or willful misconduct," ECF No. 8-1 § 5.5(b), and Empire maintains that all of claims levelled against

Defendants in the EDNY Action, including those asserted only pre-amendment, fall within this bad-faith carve-out. *See* ECF No. 40 at 19–20.

On reconsideration, the Court found this bad-faith carve-out to be inapplicable to Defendants' advancement rights under the LLC Agreement, thus rejecting the threshold argument raised by Empire and granting pre-amendment advancement. *See* Jan. 4 Order at 6–7. The Court so ruled, even though this LLC's bad-faith carve-out was broader than that of other cases cited by the Defendants here, and even though this broader language, agreed to under the unique circumstances of this LLC's formation combining former competitors, reflected the parties' intention to preclude indemnification *and* advancement to officers who violated fiduciary duties to the new combined venture, as evinced by this exclusion's plain language.

In the event the Court is inclined to certify any aspect of the parties' advancement dispute, the Second Circuit should have the opportunity to consider at one time Defendants' contractual entitlement to advancement in all respects, both pre- and post-amendment, given the obvious interrelatedness of those issues, Defendants' unitary claim for advancement, and the unique contractual provision at issue. Indeed, Empire respectfully suggests that the applicability of the bad-faith carve-out to Defendants' pre-amendment advancement claim presents a closer and more viable question of law to certify to the Circuit than Defendants' frivolous post-amendment claim, which this Court repeatedly and correctly denied.

## CONCLUSION

For the foregoing reasons, Empire respectfully requests that the Court deny Defendants' motion for an entry of final judgment as to only a portion of their advancement claim.

Dated:   New York, New York
         February 5, 2018

GIBSON, DUNN & CRUTCHER LLP


By:    /s/ Randy M. Mastro
       Randy M. Mastro
       Lawrence J. Zweifach
       Avi Weitzman

200 Park Avenue
New York, NY  10166-0193
(212) 351-4000
Fax:  (212) 351-4035
rmastro@gibsondunn.com

*Attorneys for Plaintiff and Counterclaim-*
*Defendant Empire Merchants, LLC*

18